**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE SAVEDRA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ONE SOURCE TECHNOLOGY, LLC doing business as ASURINT, a Delaware limited liability company; ALBERTSONS COMPANIES, INC., a Delaware corporation; SAFEWAY, INC., a Delaware Corporation; and DOES 1 to 100, inclusive<br><br>        Defendants. | CASE NO: 5:22-cv-04001-EJD<br><br>**FIRST AMENDED CLASS AND INDIVIDUAL ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681b(b)(3);**<br>**(2) VIOLATIONS OF FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681b(b)(1);\**<br>**(3) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. 1681e(b);**<br>**(4) VIOLATIONS OF CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CAL. CIVIL CODE §1786, ET. SEQ.; AND**<br>**(5) VIOLATIONS OF LABOR CODE SECTION 432.7**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Josephine Savedra ("Plaintiff"), on behalf of herself, the State of California, and all others similarly situated (hereinafter "Class Members") complains and alleges as follows:

## OVERVIEW OF CLAIMS

1.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a class action complaint against Defendants One Source Technology, LLC doing business as Asurint ("Asurint"), Albertsons Companies, Inc. ("Albertsons"), Safeway, Inc., ("Safeway") and DOES 1 to 100 (collectively "Defendants") for (1) requiring Plaintiff and her fellow applicants to undergo background checks in violation of the Fair Credit Reporting Act ("FCRA"); (2) conducting background checks on Plaintiff and her fellow applicants in violation of the FCRA; (3) requiring Plaintiff to undergo background checks in violation of the Investigative Consumer Reporting Agencies Act ("ICRAA"); and (4) relying on an expunged conviction in a hiring decision.  As a result of the foregoing, Defendants have violated California statutory laws as described below.

2.     The "Class Period" is designated as the period from four years prior to the filing of this Complaint trough the trial date. Defendants' violations of the FCRA, ICRAA, and the Labor Code, as described more fully below, have been ongoing throughout the Class Period.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1331 and 1441 (a), in that according to Defendants' Notice of Removal (1) this Court has original jurisdiction over the federal questions presented by Plaintiff's Complaint; (2) even if the Court does not have original jurisdiction over one or more of Plaintiff's other causes of action asserted in the Complaint, any such cause of action is transactionally related to Plaintiff's First,

Second, and Third Causes of Action over which this Court does have original jurisdiction; and (3) the Court has supplemental jurisdiction pursuant to 28. U.S.C. § 1367(a) and 1441(c).

4.    At all relevant times, Plaintiff is and has been a citizen of the State of California. Defendant Safeway, from whom significant relief is sought, owns and operates over 200 grocery stores within the Northern District of California. Defendant Albertsons is the corporate parent of Safeway, and performed the review of the consumer reports at issue in this matter for employment of Plaintiff within the Northern District of California. Defendant Asurint conducted the consumer report on Plaintiff for employment within the State of California, and based its consumer report on information it obtained directly from the Superior Court of California, including the Superior Court of California by and for the County of Santa Clara.

5.    The Court also has personal jurisdiction over the parties because Plaintiff and the Defendants have submitted to the jurisdiction of the Court and Defendants have transacted business within this judicial district, in Santa Clara County and in the State of California; and the violations of law herein described have been committed within this judicial district, in Santa Clara County and in the State of California. Moreover, by doing business in this judicial district and committing violations of the California Labor Code, the FCRA, and the ICRAA in this judicial district, Defendants' conduct has had an adverse effect upon the finances of residents of this judicial district.

## THE PARTIES

**A.    The Plaintiff**

6.    Plaintiff is a California resident and in or about April 2022, she applied for a job with Safeway, which is a wholly owned subsidiary of Albertsons.  This position was to take place within the County of Santa Clara, California. As part of her application process with Safeway, Plaintiff was required to undergo a

background check conducted by Asurint, and reviewed by Albertsons. At all relevant times, Plaintiff was subjected to background checks that violated the law.

7.     Plaintiff is a member of, and seeks to represent the following class: All natural persons with an address in the United States and its Territories from May 31, 2020 and continuing through the resolution of this action (1) who applied for employment with Albertsons and/or Safeway, or its predecessor or merged entities, as hourly, (2) who are or were required to undergo a background check with Asurint as part of their application process during the Class Period, and were denied employment without being provided with a copy of their consumer report and a summary of rights under the FCRA." ("The Applicant Class")

8.     Plaintiff is also a member of, and seeks to represent the following class: All natural persons with an address in the United States and its Territories about whom, from May 31, 2020 and continuing through the resolution of this action, Defendant Asurint prepared a consumer report which included information regarding one or more criminal case which had been expunged, sealed, or otherwise removed from public dissemination at the time the report was prepared. ("The Expungement Class")

9.     Plaintiff is a member of, and seeks to represent the following subclass: All California residents who applied for employment with Defendants Safeway or Albertsons at any time from May 31, 2020 and continuing through the resolution of this action, who were subsequently denied employment by Safeway and/or Albertsons based on convictions that were expunged, dismissed, and/or judicially sealed. ("the California Applicant Subclass").

**B.     The Defendants**

10.     Defendant Asurint is a Delaware limited liability company headquartered in Cleveland, Ohio. It is a consumer reporting agency that collects information and compiles consumer reports throughout the country. Defendant

Asurint conducts background checks on applicants like Plaintiff and the Class Members for companies like Defendant Albertsons.

11.     Defendant Albertsons is a Delaware corporation headquartered in Boise, Idaho. It is one of the largest food and drug retailers in the country. To provide its services to its customers, defendant Albertsons hires workers such as Plaintiff and the Class Members.

12.     Defendant Safeway is a Delaware corporation headquartered in Pleasanton, California. To that end, Defendant Safeway, a wholly owned subsidiary of Albertsons, owns and operates 243 grocery stores throughout the Northern California, including the County of Santa Clara, the County of San Francisco, the County of Alameda, the County of Contra Costa, and other counties found within the Northern District of California. To provide services for its customers, Safeway hires workers such as Plaintiff and the Class Members.

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

14.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other

1   Defendants.  Furthermore, Defendants in all respects acted as the employer and/or
2   joint employer of Plaintiff and the Class Members.

3         15.     California courts have recognized that the definition of "employer" for
4   purposes of enforcement of the California Labor Code goes beyond the concept of
5   traditional employment to reach irregular working arrangements for the purpose of
6   preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs*
7   (2010) 49 Cal. 4th 35, 65. As such, anyone who directly or indirectly, or through an
8   agent or any other person, engages, suffers, or permits any person to work or
9   exercises control over the wages, hours, or working conditions of any person, may
10  be liable for violations of the California Labor Code as to that person. Cal. Labor
11  Code §§558 and 558.1.

12        16.     California law also permits and recognizes the piercing of a corporate
13  veil between sister companies and under the single enterprise rule. *Hasso v. Hapke*
14  (2014) 227 Cal. App. 4th 107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App.
15  4th 486, 512. The single enterprise rule applies where "there are two or more
16  personalities, there is but one enterprise; and that this enterprise has been so handled
17  that it should respond, as a whole, for the debts of certain component elements of it."
18  *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

19                                      **FACTUAL ALLEGATIONS**

20        17.     Plaintiff, who after receiving a conviction in 2017, complied with all
21  aspects of the law, and after repaying her debt to society, had her conviction set
22  aside and expunged from her record in accordance with the laws of the State of
23  California, with the most recent order being issued on April 13, 2022. Under the
24  laws of the State of California, all rights she had before her troubles with the law
25  have been restored to her, and she carries forward no disabilities from her prior
26  troubles with the law.

27        18.     After she had applied for her dismissal of her conviction on March 22,
28

2022, and after the District Attorney agreed to dismissal, but before the order of dismissed pursuant to Penal Code §1203.4 was entered into by the Court on April 13, 2022, Plaintiff applied for employment with Defendant Safeway in order to work at Safeway's store located in Santa Clara County. While she applied for work for Safeway, Defendant Albertsons, the corporate parent of Safeway, handled the application process.

19.     As part of the application process, Plaintiff and the Applicant Class Members were required to undergo a consumer report (also known as a background check) to determine what, if any, criminal history they had. To that end, Plaintiff and the Applicant Class Members submitted authorization forms to Albertsons' personnel, who then submitted those documents to Asurint for processing. Asurint, knowing that Plaintiff and the Applicant Class Members were seeking employment in the State of California, then conducted the consumer report, relying upon public records derived from filings with California Courts.

20.     Plaintiff is informed and believes that consumer reporting agencies, such as Asurint, gather information on criminal histories for California applicants directly from courthouses within the State of California, rather than collect the data from bulk sources. This data is compiled into a consumer report, and then provided to employers such as Albertsons and Safeway.

21.     Plaintiff and the Applicant Class Members applied with employment by Defendants Safeway and/or Albertsons, one of the largest food and drug retailers in the country. Plaintiff and the Expungement Class Members are and/or were individuals whose consumer reports issued by Asurint contained information regarding convictions which had been expunged, dismissed, and/or judicially sealed.

22.     While Plaintiff has had past difficulties with the law, she worked to rehabilitate herself. As part of that process, Plaintiff applied for, and received, judicial dismissal of all prior convictions under California Penal Code section

1203.4, the last coming on April 13, 2022. While her dismissal was pending, Plaintiff applied for a position with Defendant Safeway to receive a job that offered better pay and benefits than her current employment. While the employment was with Safeway, Albertsons, as Safeway's corporate parent, conducted the hiring process.

23.    After applying for work with Safeway, Plaintiff was offered a position with Safeway by Albertsons conditioned on a background check, also known as a consumer report, or an investigative consumer report.

24.    In order to work for Safeway or Albertsons, Plaintiff and the Applicant Class Members must comply with all of its policies, including undergoing a background check which includes a review of their criminal background by Defendant Asurint. Only upon completion of the consumer credit report and the investigative consumer report, would Plaintiff and the Class Members be allowed to work for Safeway and/or Albertsons. For Plaintiff, this background check by Asurint occurred on or about April 12, 2022, just prior Plaintiff received her final order of judicial dismissal pursuant to Cal. Penal Code section 1203.4.

25.    On or about April 11, 2022, Plaintiff was informed by Albertsons via an email by Asurint that the conditional offer of employment was rescinded based on items contained in her background check, specifically for a conviction in 2017.  No background check and/or consumer report was attached to the email. Further, Plaintiff was not provided with a notice of her rights under the Fair Credit Reporting Act.

26.     On or about April 22, 2022, Plaintiff contacted Defendant Albertson, emailing to criminal.checks@albertsons.com that her conviction had, in fact, been expunged.

27.    Following the instructions in the notice provided by Defendants, Plaintiff tried numerous times to reach both Albertsons and Asurint to dispute the

accuracy of the report. In particular, the "conviction" stated on Plaintiff's background check was, in fact, a conviction that was dismissed pursuant to Penal Code section 1203.4. However, Plaintiff's emails to Defendants were not responded to. Plaintiff could not reach Defendants by phone either because the voicemail of the numbers provided in the notice were both full.

28.   Rather than provide Plaintiff with an opportunity to respond to items contained within the consumer report, Defendant Albertsons, acting on behalf of Safeway, terminated her offer of employment. Plaintiff was not provided with a copy of her consumer report, or a summary of rights under the FCRA. Instead, she was provided with a link which would purportedly allow her to download her background check and summary of rights under the FCRA. However, when she attempted to use the link, she received a null entry.

29.   As the email Plaintiff received on April 11, 2022 was a form email, Plaintiff is informed and believes that methods by which Plaintiff was informed of the recission of her employment, specifically an email to the applicant which does not attach the consumer report in question, and does not provide a summary of rights under the FCRA, is common to all members of the Applicant Class.

30.   As such, the only information Plaintiff or the Applicant Class are provided upon recission is contained in the form email she received. In the case of the Plaintiff, the email itself stated that her employment offer was being denied was based on an alleged conviction which took place in 2017. This conviction was dismissed pursuant to Penal Code section 1203.4.

31.   Labor Code section 432.7 specifies that an employer may not gather information, or utilize information collected from any source regarding any conviction dismissed pursuant to Penal Code section 1203.4. Specifically, section (a)(1) of the statute states:

> An employer, whether a public agency or private individual or corporation, shall not ask an applicant for employment to disclose, through any written

form or verbally, information concerning an arrest or detention that did not result in conviction, or information concerning a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. An employer also shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction, or any record regarding a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. This section shall not prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on their own recognizance pending trial.

32.    By gathering information from Asurint on a conviction that had previously been judicially dismissed pursuant to Penal Code section 1203.4, and by utilizing said information, Albertsons and/or Safeway violated Labor Code section 432.7.

33.    The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date. The Fair and Accurate Credit Transactions Act amended the FCRA in December 2003, and the Dodd-Frank Act amended the FCRA in July 2010.

34.    All background checks are defined as consumer reports under the FCRA. Specifically, the FCRA defines a consumer report as:

In general.—The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's

eligibility for—

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title.

15 U.S.C. 1681a(d)(1).

35.   The FCRA limits the use of the report to make adverse actions against the employee, stating that an employer cannot take adverse action against the employee unless the employer does the following:

in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)(1) of this title.

15 U.S.C. §1681b(b)(3)(A)(i) and (ii).

36.   Prior to its decision to terminate and rescind Plaintiff's employment, Albertsons and/or Safeway, by and through their agent, Asurint, did not provide Plaintiff or the Applicant Class with a copy of their consumer reports, and did not provide them with a summary of their rights under the FCRA.

37.   Asurint, through its background screening solutions (collectively "screening solutions"), are and have been "consumer reporting agencies," as defined in Section 603(f) of the FCRA, 15 U.S.C. § 1681a(f). That section defines a consumer reporting agency as:

Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or

furnishing consumer reports.

38.     Asurint regularly sells in interstate commerce information on consumers that it assembles for furnishing consumer reports to third parties, as described further below.

39.     The FCRA imposes several obligations on consumer reporting agencies, including obligations to take reasonable steps to ensure the maximum possible accuracy of consumer reports. 15 U.S.C. § 1681e(b). This obligation is described in more detail below.

40.     Asurint's screening solutions furnish background reports about job applicants to thousands of client employers throughout the United States to, among other things, assist the clients in selecting employees ("applicant screening reports"). These applicant screening reports may include public record information, including criminal histories, of individuals from multiple sources. In addition, the applicant screening reports may include credit information from the nationwide consumer reporting agencies (Equifax, Experian, and TransUnion).

41.     Asurint's applicant screening reports are communicated directly to third parties; bear on, among other things, the applicant's general reputation and personal characteristics; and are used as a factor in determining eligibility for employment.

42.     Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

43.     Prior to furnishing a consumer report for employment purposes, the consumer reporting agency, or Asurint in this case, must obtain a certification from the user, or Albertsons, that the user will not use the information disclosed in the consumer report to violate any applicable federal or state equal employment opportunity law or regulation. 15 U.S.C.§ 1681b(b)(1)(A)(ii).

44.    No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose permitted under the FCRA. 15 U.S.C. §1681e(a).

45.    Contrary to the FCRA's requirement, however, Asurint failed to obtain a certification from Albertsons as the latter did use the consumer report to violate the law by taking an adverse employment action on Plaintiff without complying with its obligations under the FCRA. Indeed, Asurint, not Albertsons, issued the emails to Plaintiff and the Applicant Class on behalf of Albertsons, knowing full well that the consumer report and the summary of rights were not attached to the form emails provided to Plaintiff and the Applicant Class members.

46.    Asurint also has an obligation to insure that the information contained within its consumer reports are true and accurate. By reporting that Plaintiff, and other members of the Expungement Class, were convicted of crimes which had been previously expunged, dismissed and/or judicially sealed, Asurint violated section 607(b) of the FCRA.

47.    As a result, Asurint's action can only be described as willful. Asurint has been fully aware that the consumer reports they issue on individuals like Plaintiff and the Class, contain information that is inaccurate. Further, Asurint's conduct is willful in that:

      a. The FCRA was enacted in 1970; Asurint has been providing consumer reports for almost twenty years, and has had that time to become compliant;

      b. Asurint is a large corporation, which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its outside employment counsel. Yet, there is no contemporaneous evidence that Asurint determined that its conduct was lawful;

      c. Asurint's conduct is inconsistent with the FTC's longstanding

regulatory guidance, judicial interpretation, and the plain language of the statute; and

    d.  Asurint's similarly situated competitors have adopted policies of ensuring that their consumer reports are accurate.

48.    In addition to the FCRA, the ICRAA, Cal. Civil Code §1786, et. seq., provides protections to employees who undergo a background check (called an investigative consumer report by the statute), for employment purposes. Like the FCRA, the ICRAA requires that an employer who undertakes an adverse action against the employee based on items contained in the background check provide the employee with a copy of the background check, along with a summary of rights under the ICRAA. Cal. Civil Code §1786.40. The report and the summary of rights must be provided before any adverse action can be undertaken.

49.    As stated above, Defendants did not provide Plaintiff with copies of her background report and a summary of their rights under the ICRAA prior to Defendants undertaking an adverse action against her. Nor did Defendants provide Plaintiff with the proper phone number and address of Asurint, or inform her of the office hours upon which she could inspect the investigative consumer report at Asurint's offices. Thus, Defendants violated the ICRAA.

50.    At all relevant times, Defendants were aware and have knowledge of the requirements of the FCRA and the ICRAA.

51.    Indeed, even if Defendants were not initially aware of the requirements of the FCRA and ICRAA, Defendants, in obtaining consumer reports, investigative consumer reports, and consumer credit reports on Plaintiff and the Class Members, utilized consumer reporting agencies which are prohibited from providing such reports to Defendants without first obtaining a certification that Defendants would comply with the FCRA and ICRAA. 15 U.S.C. §1681b(b)(2); Civil Code §1786.12(e).

52.     Further to the FCRA and the ICRAA, the Labor Code also prohibits an employer from obtaining information from an applicant regarding a conviction that has already been expunged (Labor Code Section 432.7). The same provision likewise prohibits employers from relying on expunged convictions in making hiring decisions.

53.     In violation of the Labor Code, Safeway, though its agent Albertsons proceeded to rescind its offer of employment to Plaintiff based on a conviction that has already been expunged.

54.     As such, Plaintiff and the Class Members were unlawfully required to undergo investigative consumer reports as a consequence of their employment, in direct violation of Labor Code §432.7, Civil Code §1786.16, and 15 U.S.C. §1681b(b)(1) and (3).

## CLASS ACTION ALLEGATIONS

55.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

56.     Plaintiff is a member of, and seeks to represent the following class: All natural persons with an address in the United States and its Territories from May 31, 2020 and continuing through the resolution of this action (1) who applied for employment with Safeway and/or Albertsons, or their predecessor or merged entities, (2) who are or were required to undergo a background check with Asurint as part of their application process during the Class Period, and were denied employment without being provided with a copy of their consumer report and a summary of rights under the FCRA." ("The Applicant Class")

57.     Plaintiff is also a member of, and seeks to represent the following class: All natural persons with an address in the United States and its Territories about whom, from May 31, 2020 and continuing through the resolution of this action,

Defendant Asurint prepared a consumer report which included information regarding one or more criminal case which had been expunged, sealed, or otherwise removed from public dissemination at the time the report was prepared. ("The Expungement Class")

58.   Plaintiff is a member of, and seeks to represent the following subclass: All California residents who applied for employment with Defendant Safeway at any time from May 31, 2020 and continuing through the resolution of this action, who were subsequently denied employment by Albertsons based on convictions that were expunged, dismissed, and/or judicially sealed. ("the California Applicant Subclass") (collectively, the Applicant Class, the Expungement Class, and the California Applicant Subclass are "the Class" or "the Class Members").

59.   This action has been brought and may be properly maintained as a class action, pursuant to the Federal Rule of Civil Procedure 23.

60.   <u>Numerosity</u>:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have, on average, during the Class Period employed over 200 Class Members.  The Class Members are dispersed throughout the United States.  Joinder of all members of the proposed classes is therefore not practicable.

61.   <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.   Whether Defendants Safeway and Albertsons required Plaintiff and the Applicant Class Members to undergo consumer reports as defined by the FCRA;

ii.   Whether Defendants Safeway and Albertsons rescinded offers of employment to Plaintiff and the Applicant Class Members based on items contained within those consumer reports;

iii.   Whether Defendants Safeway and Albertsons provided Plaintiff and members of the Applicant Class with notifications that contained the consumer reports it relied upon in making adverse employment decisions, such as recission of an employment offer, as required by 15. U.S.C. 1681b(b)(3);

iv.   Whether Defendants Safeway and Albertsons provided Plaintiff and members of the Applicant Class with notifications of adverse employment action prior to making the adverse employment action that contained the summary of rights under the FCRA as required by 15 U.S.C. 1681b(b)(3);

v.   Whether Defendants Safeway and Albertsons obtained, and relied upon, information of convictions that had been dismissed, expunged, or judicially sealed pursuant to Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code;

vi.   Whether Defendant Asurint conducted consumer reports on Plaintiff and the Applicant Class Members;

vii.   Whether Defendant Asurint conducted consumer reports on Plaintiff and the Expungement Class Members;

viii.   Whether Defendant Asurint knew, or should have known that Defendant Albertsons was not complying with 15 U.S.C. 1681b(b)(3) by not providing a copy of the consumer report and summary of rights under the FCRA with all adverse action notices;

ix.   Whether Defendant Asurint issued consumer reports to its customers regarding Plaintiff and the Members of the Expungement Class which contained information regarding convictions that had been expunged, dismissed, and/or judicially sealed;

x.   Whether Defendants Safeway and Albertsons received or relied upon information concerning convictions that had been expunged, dismissed, or judicially sealed in making hiring decisions with regard to Plaintiff and the California Applicant Subclass in violation of Labor Code Section 432.7;

xi.   The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

xii.   The nature and extent of class-wide damages.

62.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unlawful background checks.

63.   <u>Adequacy of Representation</u>:   Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes and Class Members.   Plaintiff's interests do not conflict with those of Classes and Class Members.   Counsels who represent Plaintiff are competent and experienced in litigating large wage and hour class actions, and other employment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

64.   <u>Superiority of Class Action</u>:   A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.   Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the

parties and the judicial system.  Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful background check policies and will thereby effectuate California's strong public policy of protecting employees.  If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover damages for the unlawful background checks conducted by Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**FIRST CLAIM FOR RELIEF**
**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**
**(Violation of 15 U.S.C. §§ 1681b(b)(3)**
**(On Behalf of Plaintiff and the Applicant Class against Defendants**
**Safeway and Albertsons)**

65.    Plaintiff alleges and incorporates by this reference the allegations in all preceding paragraphs.

66.    Defendants Safeway and Albertsons can be defined as "persons" under 15 U.S.C § 1681a(b) of the FCRA. Safeway and Albertsons obtained and used consumer reports of its employees and job applicants for employment purposes. Plaintiff and the Class "consumers" as defined by 15 U.S.C § 1681a(c) because they are individuals. At all relevant times, Plaintiff and the Class Members applied for employment with Defendants.

67.    The FCRA limits the use of the report to make adverse actions against the employee, stating that an employer cannot take adverse action against the employee unless the employer does the following:

in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
(i) a copy of the report; and

       (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)(1) of this title.

15 U.S.C. §1681b(b)(3)(A)(i) and (ii).

    68.   The FCRA also provides that:

(B)Application by mail, telephone, computer, or other similar means

    (i)If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, and if a person who has procured a consumer report on the consumer for employment purposes takes adverse action on the employment application based in whole or in part on the report, then the person must provide to the consumer to whom the report relates, in lieu of the notices required under subparagraph (A) of this section and under section 1681m(a) of this title, within 3 business days of taking such action, an oral, written or electronic notification—

       (I)that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;

       (II)of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis);

       (III)that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and

       (IV)that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

    (ii)If, under clause (B)(i)(IV), the consumer requests a copy of a consumer report from the person who procured the report, then, within 3 business days of receiving the consumer's request, together with proper identification, the person must send or provide to the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Bureau under section 1681g(c)(3) 1 of this title.

1
2

15 U.S.C. §1681b(b)(3)(B)(i) and (ii).

3

      69.    Prior to its decision to terminate and rescind Plaintiff's and the

4

Applicant Class Member's employment, Safeway and Albertsons did not provide

5

Plaintiff or the Applicant Class Members with copies of their consumer reports, and

6

did not provide her with a summary of their rights under the FCRA. Defendants did

7

not provide Plaintiff and the Applicant Class with the notifications and reports

8

required under the FCRA.

9

      70.    As a result of such conduct, Plaintiff and the Applicant Class are

10

entitled to statutory damages of not less than $100 and not more than $1,000 for

11

each and every one of these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

12

      71.    As a result of such conduct, Plaintiff and the Class are further  entitled

13

to  recover their attorneys' fees and costs  pursuant to 15  U.S.C. § 1681n(a)(3).

14

15

**SECOND CLAIM FOR RELIEF**
**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**

16

**(Violation of 15 U.S.C. §§ 1681b(b)(1)**

17

**(On Behalf of Plaintiff and the Applicant Class against Defendant**

18

**Asurint)**

19

      72.    Plaintiff alleges and incorporates by this reference the allegations in all

20

preceding paragraphs.

21

      73.    Defendant Asurint can be defined as a "consumer reporting agency"

22

under 15 U.S.C § 1681a(f) of the FCRA. Asurint, for monetary fees, regularly

23

engages in whole or in part in the practice of assembling or evaluating consumer

24

credit information or other information on consumers for the purpose of furnishing

25

consumer reports to third parties, and uses any means or facility of interstate

26

commerce for the purpose of preparing or furnishing consumer reports. Plaintiff and

27

the Applicant Class are "consumers" as defined by 15 U.S.C § 1681a(c) because

28

they are individuals. At all relevant times, Asurint conducted background checks on Plaintiff and the Expungement Class Members for their employment.

74.    15 U.S.C. § 1681e(b), requires that a consumer reporting agency, "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

75.    As alleged herein, Asurint violated 1681e(b) in its consumer reports issued to its customers by reporting convictions which had been expunged, sealed, or otherwise removed from public dissemination.

76.    The FCRA puts stringent requirements on consumer reporting agencies that provide consumer reports to third parties. Specifically, the consumer reporting agency must comply with the following:

> (b)Conditions for furnishing and using consumer reports for employment purposes
> > (1)Certification from user
> > > A consumer reporting agency may furnish a consumer report for employment purposes only if—
> > > (A)the person who obtains such report from the agency certifies to the agency that—
> > > > (i)the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
> > > > (ii)information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and
> > > (B)the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) [1] of this title.

15 U.S.C. §1681b(b)(1).

77.    Contrary to the requirements of the FCRA, Asurint failed to obtain a certification from Safeway and Albertsons that the latter would comply with its

obligations under the FCRA and it will not use the consumer report to violate the law. As discussed above, Albertsons violated the FCRA when it failed to provide the necessary notices and reports to Plaintiff and the Applicant Class when it took an adverse employment decision against Plaintiff based on the consumer report it obtained from Asurint.

78. As a result of such conduct, Plaintiff and the Applicant Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

79. As a result of such conduct, Plaintiff and the Applicant Class are further entitled to recover their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## THIRD CLAIM FOR RELIEF

### For Violation of the Federal Credit Reporting Act

### (Violation of 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681m)

(On Behalf of Plaintiff, the Expungement Class, against Defendant Asurint)

80. Plaintiff alleges and incorporates by this reference the allegations in all preceding paragraphs.

81. Plaintiff, and the Expungement Class Members are "consumers," as defined by the FCRA, 15 U.S.C. § 1681a(c).

82. At all times pertinent hereto, Defendant Asurint is and was defined as a "person" and "consumer reporting agency" (CRA) as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

83. 15 U.S.C. § 1681e(b), requires that a consumer reporting agency, "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

84.     As alleged herein, Defendant violated 1681e(b) in its consumer reports issued to its customers by reporting convictions which had been expunged, sealed, or otherwise removed from public dissemination.

85.     The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Expungement Class Members under 15 U.S.C. § 1681e(b).

86.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendants are liable to the Plaintiff and  the Expungement Class for willfully and/or recklessly failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b).

87.     As a result of such conduct, Plaintiff and the Expungement Class Members are entitled to their actual damages, statutory damages of not less than $100 and not more than $1,000 of these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

88.     As a result of such conduct, Plaintiff and the Expungement Class Members are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2). Plaintiff, the Administrative Action Class Members, and the Expungement Class Members are further entitled to reasonable attorneys' fees in connection with this claim. 15 U.S.C. §1681n(a)(3).

**FOURTH CLAIM FOR RELIEF**
**FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING**
**AGENCIES ACT**
**(Violation of California Civil Code 1786, et seq.)**
**(On Behalf of Plaintiff against all Defendants)**

89.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

90.     At all relevant times, Plaintiff was a consumer as that term is defined in Civil Code § 1786.2(b), and Defendant and Does 1 to 100 are defined as a person as that term is defined in Civil Code § 1786.2(a) and procured or cause to be prepared

an investigative consumer report as that term is defined in Civil Code § 1786.2(c) on Plaintiff for employment purposes under Civil Code § 1786.12(d)(1) without meeting the following applicable conditions required by Civil Code § 1786.16(a)(2).

91.    Like the FCRA, the ICRAA also requires that an employer who undertakes an adverse action against the employee based on items contained in the background check provide the employee with a copy of the background check, along with a summary of rights under the ICRAA. Cal. Civil Code §1786.40. The report and the summary of rights must be provided before any adverse action can be undertaken.

92.    As stated above, Defendants did not provide Plaintiff with copies of her background report and a summary of their rights under the ICRAA prior to Defendants undertaking an adverse action against her.

93.    Defendants were either grossly negligent in violating, or willfully violated, the ICRAA by acting without a good faith, reasonable belief in the legality of their actions, and/or in deliberate or reckless disregard of their legal obligations and the rights of Plaintiff under the statute.

94.    Plaintiff has been damaged by these violations and seek the following relief pursuant to pursuant to Civil Code § 1786.50:

a.  Any actual damages sustained by the consumer as a result of the failure or, ten

thousand dollars ($10,000), whichever sum is greater;

b.  the costs of the action together with reasonable attorney's fees as determined by the

court; and

c.  In the case of a violation that was grossly negligent or willful, punitive damages.

**FIFTH CLAIM FOR RELIEF**
**VIOLATIONS OF LABOR CODE SECTION 432.7**
**On Behalf of Plaintiff and the California Applicant Subclass Against**
**Defendants Safeway and Albertsons**

95.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

96.     Labor Code Section 432.7 provides that:

> 432.7.  (a) (1) An employer, whether a public agency or private individual or corporation, shall not ask an applicant for employment to disclose, through any written form or verbally, information concerning an arrest or detention that did not result in conviction, or information concerning a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. An employer also shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction, or any record regarding a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.425, 1203.45, and 1210.1 of the Penal Code. This section shall not prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on their own recognizance pending trial.

97.     Contrary to the Labor Code, however, Safeway and Albertsons proceeded to take an adverse employment action against Plaintiff based on an expunged conviction. While Plaintiff tried to reach out to Defendants to correct their

error, Plaintiff was unsuccessful because her emails were not responded to and the voicemail of the phone numbers provided by Defendants were all full. Thus, Albertsons incorrectly relied on a conviction that was already expunged as of March 22, 2022 when it made a hiring decision with regard to Plaintiff.

98.    In accordance with Labor Code Section 432.7(c), Plaintiff shall be entitled "to recover from that person actual damages or two hundred dollars ($200), whichever is greater, plus costs, and reasonable attorney's fees. An intentional violation of this section shall entitle the applicant to treble actual damages, or five hundred dollars ($500), whichever is greater, plus costs, and reasonable attorney's fees. An intentional violation of this section is a misdemeanor punishable by a fine not to exceed five hundred dollars ($500)."

<strong>JURY DEMAND</strong>

99.    Plaintiff hereby demands trial by jury of her and the Class's claims against Defendants.

<strong>PRAYER FOR RELIEF</strong>

Wherefore, Plaintiff, on behalf of herself and the members of the Class, pray for judgment against Defendants as follows:

1.    An Order than this action may proceed and be maintained as a class action;

2.    <u>On the First Claim for Relief</u>:

a.    A declaratory judgment that Defendants Safeway and Albertsons willfully violated the FCRA, 15 U.S.C. § 1681b(b)(3);

b.    An award of statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

c.    An award of punitive damages pursuant to 15 U.S.C. §

1681n(a)(2);

        d.    An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

    3.    <u>On the Second Claim for Relief</u>:

        a.    A declaratory judgment that Defendant Asurint willfully violated the FCRA, 15 U.S.C. § 1681b(b)(1);

        b.    An award of statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

        c.    An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

        d.    An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

    4.    <u>On the Third Claim for Relief</u>:

        a.    A declaratory judgment that Defendant Asurint willfully violated the FCRA, 15 U.S.C. § 1681b(b)(1);

        b.    An award of statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

        c.    An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

        d.    An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

    4.    <u>On the Fourth Claim for Relief</u>:

        a.    A declaratory judgment that Defendants willfully violated the ICRAA, Civil Code §1786, et seq.;

        b.    All compensatory, statutory, and punitive damages allowed

pursuant to Civil Code § 1786.50;

   c. An award of costs and reasonable attorney's fees pursuant to Civil Code § 1786.50.

  5. <u>On the Fifth Claim for Relief</u>:

   a. A declaratory judgment that Defendants Safeway and Albertsons willfully violated Labor Code Section 432.7;

   b. All compensatory, statutory, and punitive damages allowed pursuant to Labor Code Section 432.7(c);

  6. All other relief as this Court deems proper.


Dated: August 25, 2022    Respectfully,

          POTTER HANDY LLP.


          *James Treglio*

      By: James M. Treglio
        Counsel for Plaintiff and the Putative
        Class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 25, 2022, a true and correct copy of the FIRST AMENDED CLASS ACTION COMPLAINT was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's EM/ECF System.

*James Treglio*
_____

James M. Treglio, Esq.